## Rudolph v. Pa. Department of Transportation

S. *Richard Klinger, III*, for plaintiffs.
*Jay H. Karsch*, for defendant Dermott.

BECKERT, *P.J.*, November 30, 1982 — The sole issue to be resolved by us in this case, which is before us on the preliminary objections of individual defendant Debra A. Dermott, is whether plaintiffs' claim for punitive damages should be dismissed because such damages are not recoverable under the Pennsylvania No-fault Motor Vehicle Insurance Act, 40 P.S. §1009.101 et seq. The complaint by which this action was commenced alleges that plaintiff Gary C. Rudolph sustained certain injuries when he swerved on the motorcycle which he was operating in order to avoid a collision with an auto-

mobile operated by defendant Debra A. Dermott. Paragraph 44 of the complaint states the following as the basis for plaintiffs' claim for punitive damages:

"The conduct of defendants . . . was of a character beyond mere negligence and was willful, wanton and reckless in its obligations to plaintiffs, as a result of a consequence of gross indifference and recklessness, plaintiff was severely injured."

Defendant Dermott argues, and we believe correctly so, that such wording does not amount to an allegation of an intentional tort, such as would generally be necessary to allow a claim for punitive damages to be pursued under the No-fault Act. In support of her argument, defendant cites the leading case of Reimer v. Delisio, 296 Pa. Super. 205, 442 A.2d 731 (1982), wherein our Superior Court held that the section of the No-fault Act abolishing tort liability explicitly abolished all causes of action falling within the ambit of that act, including punitive damages for gross negligence, reckless disregard and the like.

We find, however, that the factual situation here is apparently distinguishable from that in Reimer, and that plaintiffs are correct in their contention that the focus of our inquiry should be upon the nature of the vehicle involved in plaintiff Gary Rudolph's accident, rather than the distinction between reckless and intentional conduct. Section 301 (a) (6) of the act states that, "A person remains liable for injury arising out of a motorcycle accident to the extent that such injury is not covered by basic-loss benefits payable under this act, as described in section 103." Section 103 in turn states, "Nor do basic-loss benefits include benefits for net loss sustained by an operator or passenger of a motorcycle."

Consistent with plaintiffs' position is the case of Pierce v. Kinsey, 18 D.&C.3d 531 (1981), which granted to an injured motorcyclist the right to sue in tort for all injuries. Accordingly, we believe that a motorcycle operator, thus exempted from the specific remedies otherwise prescribed by the No-fault Act, is at liberty to pursue an action not only for compensatory damages but also for punitive damages as formerly recoverable at common law. We therefore deny defendant's preliminary objections.

## ORDER

And now, this November 30, 1982, the preliminary objections of defendant Debra A. Dermott to plaintiffs' complaint are hereby dismissed, denied and overruled with leave granted to defendant to file an answer to the complaint within 20 days from the date hereof.